The case was stated, and the opinion of the Court delivered by *
RuffiN, J. ’ J
as follows :
M'Rai’ny made his will, Whereby tie devised his tract óf land to sonríe of the Plaintiffs and appointed the others , . . . his executors, who now offer the will for probate, M'Rainy keing s*nce dead. The Deferfdants, Clark and Wife, the latter of whom is. one of the heirs at law arid next of kin of M'Rainy, opposed ¿he probate, wHereuplon this issue of jevisavit vet non was made up ; and the question turns , ¿ a upotl the fact, whether or not there was a revocation of ⅛⅛ will ? For the purpose of proving that there was, the Defendants offered in evidence the declarations of one of the executors and some of the devisees who are parties to this issue. But the Court refused to receive the evi-They then proved, that after the making of the dence. will, M'Rainy contracted to sell a tract tíf land (being pa^t Qf the estaies devised in the will) for a price agreed «pon, and was to convey on a particular day ; but he died before the day arrived, and did not convey. And they insist that the contract was á revocation in law. The Court instructed the Jury otherwise, and they found that M'Rainy did devise, &c. A motion is made for a ne# trial upon the ground that the Court erred in both of the ábove points.
Upon the latter, it seems entirely clean1 that the Court informed the Jury Correctly. What may be the effect of such a contract in Equity upon the particular devise of thé land sold, is another question. The devisee may, of may not*-be a trustee for the purchaser, according to circumstances ; and the price of the land may, or may not, be a part of his personal estate for the benefit of his residuary legatee of next of .kin, also according to circumstances. But we have nothing to do with either of these questions, *279 tihPf. The point in dispute is, whether thére be a revocation of the will at law ; and that there is not, is proved beyond a doubt by many authorities'.* Even if the lands had been actually conveyed, the will would not have been thereby revoked, properly speaking, so as to prevent its probate ; but the only effect would be an ademption of the devise of. the particular lands conveyed. Upon the poinf of evidence, however, I think with the Defendants. This issue is in the nature of a suit, and the executors and de-visees are regularly parties to it; Their declarations ought to be received in evidence against themselves. I cannot see a legal ground to reject them. We cannot, in a Court of Law, look to the interests of third persons not before us. We cannot here know the executor as a trustee.. All we can know is, that he is before us as a parti} to the suit. The rule is universal, that whatever a party says or does, shall be evidence against him, to be left to the Jury. It is competent evidence. The Jury can and ■will give it its due weight, according to the manner of obtaining the confession or the relative interests of him whose admissions áre proved. I know of no solitary exception to this rulé, and cannot imagine one. I think, therefore, that there must be a new trial.

 Ryder v. Wager, 2 P. Will. 332. Cotter v. Sayer. ib. 23.